IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00295-CR

 

James Robert Vasquez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 32165-CR

 



second supplemental ABATEMENT ORDER



 

We have abated this cause twice for
trial-court proceedings relating to alleged errors and omissions in the
reporter’s record.  These alleged errors and omissions are set out in
Appellant’s “motion for new trial, alternatively, motion to require the court
reporter to supplement reporter’s record” (“Appellant’s motion”).  As explained
below, we will abate this cause again.

After our second abatement, the trial
court issued findings of fact and conclusions of law that are in a supplemental
clerk’s record filed on June 3, 2011.  These findings and conclusions reflect
three areas that need to be addressed:  (1) the absence of a transcription of
the charge conference and the pretrial hearing on the Appellant’s Motion to
Quash the Indictment, and whether their transcription is necessary to the
disposition of the appeal; (2) twelve remaining alleged errors in the
reporter’s record; and (3) whether it is technically or financially feasible to
access Nancy Currie’s computer disk.

I.

 The trial court’s findings and
conclusions were based on the parties’ “Agreed Stipulation as to the Record,” which
was attached to the trial court’s findings and conclusions.  The parties agreed
in their stipulation that:


 There was a charge conference and a
 pretrial hearing on the Defendant’s Motion to Quash the Indictment held in
 this case and both were or should have been recorded by Nancy Currie.


 


 The charge conference and the
 pretrial hearing on the Defendant’s Motion to Quash the Indictment are
 necessary to the disposition of the appeal in this case.


 

The trial court made these findings:

1.     
Nancy Currie,
(hereinafter “Currie”), the former official court reporter for the 13th
District Court, filed an incomplete record in this case in that there is no
transcription of the charge conference or the pretrial hearings held in this
case.

 

2.     
A charge conference
and a pretrial hearing on the Appellant’s Motion to Quash the Indictment were
held in this case and should have been recorded.

 

3.     
The charge
conference and the pretrial hearing on the Appellant’s Motion to Quash the
Indictment are necessary to the disposition of the appeal in this case.

 

            While this cause is abated
for the proceedings set forth below, the Appellant is directed to file a
response with this Court that explains why the charge conference and the pretrial
hearing on the Appellant’s Motion to Quash the Indictment are necessary to the
disposition of the appeal in this case.  For example, the reported charge
conference would be necessary to the disposition of the appeal only if
Appellant intends to allege charge error as an issue in this appeal, as the starting
point in analyzing a jury-charge issue is first deciding whether error exists.  Ngo
v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).  If charge error is
not alleged in this appeal, the Court fails to see how the charge conference is
necessary to the disposition of the appeal.

            Accordingly, within fourteen
days of the date of this Order, Appellant shall file a response with this Court
that explains why the charge conference and the pretrial hearing on the
Appellant’s Motion to Quash the Indictment are necessary to the disposition of
the appeal in this case.  The State may file a reply to Appellant’s response
within fourteen days of the date that Appellant’s response is filed.  Copies of
Appellant’s response and the State’s reply, if any, shall also be sent to the
trial court.

II.

            The parties agreed to
correct many of the alleged errors and omissions in the reporter’s record, but
they also stipulated:

            7.  Counsel have failed to
agree to correct the record regarding the remaining alleged errors.  These
errors remain in dispute and could only be resolved through a review of the
court reporter’s notes and/or tapes to determine the correct wording. 
Specifically in dispute are:

 

            a.         Page 58

            b.         Page 60

            c.         Page 66

            d.         Page 67

            e.         Page 69

            f.          Page 93

            g.         Page 103

            h.         Page 124

            i.          Page 128

            j.          Page 131

            k.         Page 163

            l.          Page 176

 

            These page numbers refer to
the alleged errors and omissions identified in Appellant’s motion by
page-and-line references.  In finding 7, the trial court found that counsel
failed to agree to correct these twelve portions of the record regarding
alleged errors.  It is not enough for the parties to fail to agree; it is the
trial court’s duty to settle disputes about the reporter’s record’s alleged
inaccuracies, if it is able to.  See Tex.
R. App. P. 34.6(e)(2, 3).  We thus will abate this appeal for an
additional sixty days to allow the trial court an opportunity to settle these
twelve disputes with the use of its discretion and any available means,
including but not limited to further inquiry of Currie regarding her allegedly
missing notes and tapes and the matter set forth below in Part III of this
Order.[1] 
The Court recognizes that the trial court may not be able to settle any or all
twelve of the disputes, so in the event that any of the disputes are not
settled, the trial court shall explain why they were not settled in findings of
fact.

III.

            The trial court made these
further findings:

            13.  A computer disk
received from Currie in response to a subpoena duces tecum is currently
unintelligible and is unable to be used to resolve the disagreements and to
transcribe the missing portions of the record.

 

            14.  The Court’s current
official court reporter, Leslie Kirk, is unable to correct or complete the
record out of the computer disk provided by Currie due to Ms. Kirk’s software
being unable to read the computer disk.

 

In its response to Appellant’s motion,
the State responds:

The record exists, but in a format that
the trial court is unable [to] utilize.  If the trial court were able [to]
utilize the current format, the record could be retrieved and the appeal could
move forward.  The State argues that the proper and most judicious action to be
taken would be for the trial court to locate and utilize a data format that
would make the record retrievable.

 

            The Court largely agrees
with the State, and if Currie’s computer disk could be utilized, the matters in
Part I of this Order may also be resolved.  Accordingly, the Court directs the
trial court, with the aid of its reporter, to investigate the technical and
financial feasibility of utilizing a data format to access Currie’s computer
disk.  If the trial court finds that it is not technically feasible to access
Currie’s computer disk or financially feasible considering the cost to access
Currie’s computer disk as opposed to the cost to retry the case, the trial
court shall so state in its findings.

IV.

We abate this appeal for the trial court
to hold one or more hearings:

(1)        to attempt to settle the
twelve disputed matters identified in Part II of this Order (Tex. R. App. P. 34.6(e)(2)); and

 

(2)        to investigate the technical
and financial feasibility of utilizing a data format to access Currie’s
computer disk. 

 

            This appeal is abated for an
additional period of sixty (60) days from the date of this order for the trial
court to determine the issues identified above.  The trial court has discretion
to schedule hearings during the abatement period as necessary.  All hearings
shall be attended by a certified court reporter, who shall prepare a
transcription of such hearings and file that transcription or those
transcriptions as a supplemental reporter’s record or records in this appeal.

            The trial court shall
prepare written findings of fact and conclusions of law with regard to the
issues identified in this abatement order.  The district clerk shall prepare a
supplemental clerk’s record containing such findings of fact and conclusions of
law as well as any pleadings, motions, responses, or objections filed with
regard to this matter and any orders signed by the trial court.

            The district clerk and the
court reporter shall file their supplemental records with the Clerk of this
Court within seventy-five (75) days after the date of this Order.  If the trial
court determines that additional time is required to resolve the issues
identified, the trial court (or a party at the trial court’s direction) shall
file a written request for additional time explaining the reason(s) and the
diligence that has been exercised in attempting to comply with the sixty-day
deadline established by this Order.

 

PER CURIAM

 

Before Chief
Justice Gray,

Justice
Davis, and

Justice
Scoggins

Appeal abated

Order issued
and filed August 3, 2011

Do not publish








 









[1] Should Currie’s involvement become
necessary, the Clerk of this Court may have information to assist in locating
Currie.